UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R.S. SCOTT ASSOCIATES, INC.,

                            Plaintiff,                        Case No. 14-cv-13338

v                                                      Honorable Thomas L. Ludington

TIMM CONSTRUCTION COMPANY LLC, and
REX D. REITTENBACH,

                            Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND CANCELING HEARING

On August 27, 2014, Plaintiff R. S. Scott Associates, an architectural and engineering firm, filed suit against Defendants Timm Construction Company and Rex Reittenbach alleging copyright infringement, unjust enrichment, and breach of contract. Plaintiff contends that Defendants improperly infringed on its copyrighted architectural plans when they facilitated the expansion of St. Paul Lutheran Church in 2012.

On October 31, 2014, Defendants filed a motion to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted. Defendants' motion will be denied in part and granted in part. Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied, as will their motion to dismiss Plaintiff's copyright claim. However, because the Copyright Act preempts Plaintiff's unjust enrichment claim, and because Plaintiff has not sufficiently pleaded a breach of contract claim, these claims will be dismissed.

**I**

Plaintiff is an architectural and engineering firm located in Michigan.  In June 2009, Plaintiff submitted a bid packet for the construction of a new sanctuary for St. Paul Lutheran Church[1] in Hubbard Lake, Michigan.  Resp. 1.  As part of its bid packet, Plaintiff prepared technical drawings and an architectural rendering of the proposed sanctuary.  Am. Compl. ¶ 8, ECF No. 10.  St. Paul Lutheran Church paid Plaintiff for the plans submitted.  Mot. Dismiss 1, ECF No. 12.[2]

St. Paul Lutheran Church also solicited bids from construction companies, and Defendant Timm Construction, LLC, submitted the lowest bid.  Mot. Dismiss 1.  Although Defendant Timm Construction submitted the lowest bid, budgeting constraints kept St. Paul Lutheran Church from beginning the construction project.  *Id.*  Therefore, St. Paul Lutheran Church put its expansion plans on hold for two years while it continued to raise funds for construction.  *Id.*

Around July 2011, the St. Paul Lutheran Building Committee contacted Defendant Timm Construction about a revised expansion project that would cost about 25% less than the original project.  *Id.*  On September 14, 2011, Defendant Timm Construction submitted a proposal to the Building Committee Chairperson.  Am. Compl. Ex. C.  In January 2012, Defendant Timm Construction sent a letter to Plaintiff summarizing the proposals it had sent to the Building Committee.  Am. Compl. Ex. B.

Plaintiff claims that the proposal "included detailed plans directly copied from the plans drafted by Plaintiff . . . ."  Resp. 1.  Because Plaintiff believed that Defendant Timm

---

[1] The Amended Complaint refers to "St. Paul's Lutheran Church."  However, it appears that church's name is "St. Paul Lutheran Church," and therefore that spelling will be used throughout this opinion and order.  *See* http://www.yellowpages.com/hubbard-lake-mi/mip/saint-paul-lutheran-church-3894287.

[2] All facts cited in the Amended Complaint are accepted as true, in accordance with Rule 12(b)(6).  *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).  Defendants' motion provides additional factual details, however, that provide a helpful overview of the background of the case.  Therefore, although not necessarily accepted as true, these factual statements are included for context.

Construction had stolen its plans, it declined to cooperate with Defendant Timm Construction in constructing the proposed sanctuary. *Id*.

Because Timm Construction's proposals were still outside the Building Committee's budget, it sought the services of another architect, Defendant Rex Reittenbach. Mot. Dismiss 2. On March 8, 2011, the Building Committee agreed to proceed with Defendant Timm Construction's proposal. *Id*. at 3. Construction of the facility expansion commenced in late-April 2012, and concluded on December 31, 2012. *Id*.

During construction, in June 2012, the Building Inspector notified Defendant Timm Construction that Plaintiff had requested a copy of Defendant Reittenbach's construction drawings. *Id*. Defendant Timm Construction provided the drawings to Plaintiff in July 2012.

In August 2014, Plaintiff initiated this suit, alleging that Defendants' design infringed on its copyrighted architectural plans. The Amended Complaint also asserts claims for unjust enrichment and breach of contract.

## II

Defendants first contend that this Court lacks subject matter jurisdiction over all of Plaintiff's claims. Defendants note that in its complaint, Plaintiff alleges that "this matter is brought under the provisions of the Copyright Act of 1976 and 28 USC § 1332 and 1338 which grant this Honorable Federal District Court subject matter jurisdiction." Am. Compl. ¶ 5 (emphasis added). Thus, according to Defendants, Plaintiff relied on diversity of citizenship jurisdiction as a basis for subject matter jurisdiction.

But, as Defendants correctly explain, there is no diversity of citizenship because all parties to this suit are Michigan citizens. Indeed, Plaintiff admits that "the wrong statute was cited in its jurisdictional statement in the subject Complaint." Resp. 5. Accordingly, there is no

diversity of citizenship jurisdiction pursuant to § 1332.  Defendants contend that, due to this mis-pleading, Plaintiff's complaint should be dismissed.

Whether subject matter jurisdiction exists and whether a plaintiff has correctly identified the basis for subject matter jurisdiction in the complaint are two distinct questions.  Therefore, it will first be determined whether subject matter jurisdiction exists in this case, based on the factual allegations in the complaint.  If so, then the next question is whether Plaintiff's mistake nonetheless requires dismissal of its complaint.

To survive a challenge pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the pleadings must sufficiently evince a basis for subject matter jurisdiction.  But a court is not limited to the pleadings; pursuant to Sixth Circuit precedent, a court may also inquire into the factual predicates for jurisdiction.  *See KNC Investments, LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 383-84 (6th Cir. 2014).   When considering a challenge to subject matter jurisdiction, a court must assume the factual allegations provided by the plaintiff are true.  Accordingly, a court should dismiss a plaintiff's cause of action for lack of subject matter jurisdiction "sparingly and cautiously," and only when no basis for subject matter jurisdiction exists.  *Bowe v. Northwest Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir. 1992).

Here, Plaintiff has adequately alleged sufficient facts for the exercise of subject matter jurisdiction because it is asserting a claim for violation of the Copyright Act. "Section 301 of the Copyright Act broadly preempts state law claims, and federal law vests exclusive jurisdiction over such preempted copyright claims in the federal courts." *Ritchie v. Williams*, 395 F.3d 283, 285 (6th Cir. 2005).  Because Plaintiff pleaded a copyright claim pursuant to the Copyright Act, there is exclusive federal jurisdiction and therefore subject matter jurisdiction.

And because it is apparent from Plaintiff's Amended Complaint that this Court has subject matter jurisdiction, Plaintiff's Amended Complaint will not be dismissed for mis-identifying the correct statute.  Indeed, Plaintiff was not completely incorrect—it cited to at least one correct statute: 28 U.S.C. § 1338.  Section 1338 provides that "[t]he district courts shall have exclusive jurisdiction of any  civil action arising under any act of Congress relating to  . . . copyrights . . . Such jurisdiction shall be exclusive of the courts of the states in . . . copyright cases."  *See also Ritchie*, at 286.  Therefore, although Plaintiff erroneously pleaded diversity of citizenship jurisdiction, Plaintiff also correctly pleaded copyright jurisdiction.   Accordingly, Defendants' motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction will be denied.

### III

Defendants next contend that Plaintiff's copyright infringement claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  Specifically, Defendants contend that the copyright infringement claim lacks sufficient factual matter to state a plausible claim for relief.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).   While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions.  *Id*.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

In other words, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. A claims is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 697. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

## A

Defendants contend that Plaintiff's copyright claim does not present a plausible claim. "To establish copyright infringement, a plaintiff must show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999). "The first prong tests the originality and non-functionality of the work, . . . both of which are presumptively established by the copyright registration. The second prong tests whether any copying occurred (a factual matter) and whether the portions of the work copied were entitled to copyright protection (a legal matter)." *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 387 F. 3d 522, 534 (6th Cir. 2004) (internal citations omitted).

Plaintiff has made a prima facie showing of the first element—ownership of a valid copyright—by attaching a registered copyright to the Amended Complaint. Under copyright

law, a registered copyright is entitled to a presumption of validity. 17 U.S.C. § 411(a). ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.")

In regards to the second element—copying original elements of the work—Plaintiff alleges that Defendants "ha[ve] intentionally copied and/or substantively copied/used, and infringed Plaintiff's original and unique, copyrighted architectural designs/expressions in drafting/preparing construction drawings for the sanctuary at St. Paul Lutheran Church . . . ." Am. Compl. ¶ 15. Although this proposition states a legal conclusion, the complaint goes on to identify seventeen specific instances in which Plaintiff alleges Defendants' design infringed on Plaintiff's copyrighted work. *See id*. at ¶ 16 ("a. The general geometry of the building envelope is substantially similar in diameter and proportions. Defendants' drawings are almost identical in length and width. The structural frame, the internal layout of the drawing is basically a mirror image of Plaintiff's copyrighted drawings."). Construing the Amended Complaint in the light most favorable to Plaintiff, these citations to specific instances of alleged infringement suggest that Plaintiff has a plausible claim for relief that Defendants copied Plaintiff's copyrighted work. Plaintiff has identified the work produced by Defendants that infringed upon the copyrighted work (the St. Paul Lutheran Church expansion plans) and described the 17 ways that Defendants infringed upon the copyrighted work. *See Nat'l Bus. Dev. Servs., Inc. v. Am. Credit. Educ. and Consulting, Inc.*, 299 F. App'x at 512 (upholding dismissal where there was neither an identification of a work produced by the defendants that infringed upon the plaintiff's copyrighted work, nor a description of the manner in which the defendants' works infringed upon the plaintiff's work."). Defendants will be able to challenge the claim that these design

- 7 -

elements were copied from Plaintiff's plans, but at this point Plaintiff has sufficiently pleaded a claim for copyright infringement.

**B**

Defendants make a variety of assertions that Plaintiff has not properly pleaded a claim for copyright infringement.   First, Defendants claim that Plaintiff did not identify the deposit materials filed with the application to register the claim of copyright.   It is unclear why Defendants contend that these materials would need to be disclosed in the Amended Complaint. To the extent that Defendants may be claiming that Plaintiff's copyright was invalid, they are entitled to rebut the presumption of validity at a later point.   But at this juncture, Plaintiff has sufficiently pleaded a claim for ownership of a valid copyright.  On the other hand, to the extent that Defendants contend that the deposit materials are necessary to compare to Defendants' works, Defendants cites no authority for the proposition that the deposit materials must be attached to a complaint.   Certainly, the deposit materials, if relevant, will be available in discovery.

Second, Defendants assert that Plaintiff's use of "and/or" in its allegations "blur[s] the allegations made against" Defendants and "suggests[] that R. S. Scott is guessing, hedging or speculating." Mot. Dismiss 6-7.  Defendants contend that this form of "speculation" is precluded by the pleading standards set forth in *Twombly* and *Iqbal*.

When viewed in isolation, the allegations that "Defendant, Timm Construction **and/or** Defendant Rex D. Reittenbach, has intentionally . . . infringed Plaintiff's original and unique, copyrighted architectural designs/expressions" indicates some uncertainty regarding whether both Defendants committed the copyright infringement.  Am. Comp. § 15 (emphasis added).  But relevant case law counsels a court to view the individual allegations in context of the whole

complaint.  *See In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987, 1005-06 (E.D. Mich. 2010) (holding that a plaintiff's allegations "must be viewed in the context of the multiple additional factual allegations of Plaintiffs' Complaint which, when viewed as a whole, plausibly suggest" a claim for relief); *Empire Home Services, L.L.C. v. Empire Iron Works, Inc.*, 2006 WL 2269507, at *4 (E.D. Mich. Aug. 8, 2006) ("The court, in determining whether Plaintiff has made direct or inferential allegations respecting all the material elements necessary to sustain a recovery, will construe Plaintiff's amended complaint as a whole.").  Moreover, by tying this general allegation to those that follow—namely, the seventeen specific instances of alleged infringement—the Amended Complaint makes clear that Plaintiffs are alleging that both Defendants infringed the copyrighted work—"Defendants' plans (See Exhibit C) are "substantially similar" in that it copies Plaintiff's unique and original expression/design *inter alia* . . . ." Am. Compl. ¶ 16.  Reading the complaint as a whole, Plaintiff has sufficiently alleged a copyright infringement claim against both Defendants.

Finally, Defendants contend that the Amended Complaint is too ambiguous because Plaintiff did not attach a copy of the allegedly infringing architectural plans: "There are no plans of Mr. Reittenbach attached to the First Amended Complaint."  Mot. Summ. J. 7.  Again, Defendants cite no authority for the proposition that a plaintiff must attach an alleged infringer's plans to adequately plead a copyright claim.  Moreover, the Amended Complaint has sufficiently identified the allegedly infringing work—the plans actually used by Defendants in constructing the sanctuary.

When considering a motion to dismiss pursuant to Rule 12(b)(6), the only question is whether a plaintiff "failed to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Here, Plaintiff has sufficiently pleaded a claim for copyright infringement by alleging

that it owned a valid copyright and by citing specific aspects of its copyrighted work Defendants allegedly infringed. "[T]he 12(b)(6) motion does not attack the merits of the case. It merely challenges the pleader's failure to state a claim properly." *Moore v. Johnson*, 826 F. Supp. 1106, 1108 (W.D. Mich. 1993) (citing 5c Fed. Prac. & Proc. Civ. § 1364 (3d ed.)). Therefore, accepting all facts as true, and construing the Amended Complaint in the light most favorable to Plaintiff, the Amended Complaint states a claim for copyright infringement upon which relief may be granted.

## IV

Defendants next contend that Plaintiff's unjust enrichment claim should be dismissed because it is preempted by § 301(a) of the Copyright Act. In determining whether the Copyright Act preempts a cause of action under state law, this Court must employ the "extra element test". *Wrench LLC v. Taco Bell*, 256 F.3d 446, 454 (6th Cir. 2001). That is, if the state claim requires an "extra element" beyond those required for copyright infringement, then it is not "equivalent" and it is not preempted. *Id.* If there is no "extra element," then the claim is equivalent to a copyright action and it is preempted by the Copyright Act. *Id.*

Under the test articulated in *Taco Bell*, a district court must first determine whether the work is within the scope of copyrightable subject matter as specified in 17 U.S.C. §§ 102-03. *Id.* at 453. Second, the Court must determine whether the state law causes of action in the complaint satisfy the equivalency requirement. *Id.*

At this stage, neither party disputes that the architectural plans fall within the subject matter of the Copyright Act. Therefore, the next step is to analyze the equivalency requirement for Plaintiff's claim for unjust enrichment. Unless Plaintiff's unjust enrichment claim contains an extra element, it will be equivalent to (and therefore preempted by) the Copyright Act. *Taco*

*Bell*, 256 F.3d at 456 ("[I]f an extra element is required instead of or in addition to the [elements of a copyright action] in order to constitute a state-created cause of action, there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim.").

Under Michigan law, claims of unjust enrichment require only a receipt of a benefit and some resulting inequity. *See, e.g., Barber v. SMH(US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993). Within the species of unjust enrichment claims, a distinction exists between "an action based on a contract implied in law [which] requires no extra element in addition to an act of reproduction, performance, distribution or display, [and] an action based on a contract implied in fact [which] requires the extra element of a promise to pay for the use of the work." *Wrench LLC*, 256 F.3d at 459. In other words, when an action for unjust enrichment does not allege a promise to pay, it includes "no meaningful 'extra element' . . . that removes the reformulated claims from the policy of national uniformity established by the preemption provisions of § 301(a)." *Ritchie v. Williams*, 395 F.3d 283, 287-88 (6th Cir. 2005) (footnote omitted). In other words, if a plaintiff—as part of an unjust enrichment claim under Michigan law—asserts that there was a promise to pay, this promise constitutes an "extra element" and the unjust enrichment claim is not preempted.

Thus, in similar cases, district courts have concluded that the plaintiffs' unjust enrichment claims are preempted when the plaintiffs make no assertion of a promise to pay. *See Diamond v. Gillis*, 357 F. Supp. 2d 1003, 1009-10 (E.D. Mich. 2005); *National Business Development Services, Inc. v. American Credit Educ. & Consulting, Inc.*, 2008 WL 186367, at *4 (E.D. Mich. Jan. 18, 2008) ("Like the plaintiff in *Diamond*, Plaintiff in this case makes no assertion of a

promise to pay.   Accordingly, the Court finds that the Copyright Act completely preempts Plaintiff's claim for common law unjust enrichment.").

Like the plaintiff in *Diamond* and in *National Business*, Plaintiff has not alleged that Defendants promised to pay for the architectural plans.  True, the Amended Complaint states that "[t]he parties to the contract had the expectation that Defendants would compensate Plaintiff for the design/architectural services (see Exhibit D)." Am. Compl. ¶ 34.   But exhibit D is not a contract or a promise of payment—it is a Preliminary Design and Project Study Phase Report.

Such an "expectation" of compensation is not equivalent to a promise from Defendants to pay for the architectural plans.  *Diamond*, at 1009-10 (plaintiff's allegation that he produced material "with the expectation of appropriate payment for his services" did not constitute a promise to pay).   Accordingly, Plaintiff has not alleged that Defendants promised to pay it for their architectural plans.  Thus, the language of the Amended Complaint does not add an "extra element" sufficient to overcome preemption.  Plaintiff's claim for unjust enrichment under Count Two is preempted by the Copyright Act and will be dismissed.

Plaintiff nevertheless contends that its unjust enrichment claim does contain extra elements: "Plaintiff seeks recovery for Defendants' failure to attribute the designs to Plaintiff, or in the alternative, obtain a license to use those plans." Resp. 8.  But these are not extra elements that change the underlying nature of the cause of action.  Instead, these are elements that go to the heart of a copyright claim.  *See Diamond*, at 1009 ("[A]n action based on a contract implied in law requires no extra element in addition to an act of reproduction, performance, distribution or display . . . .").   Accordingly, Plaintiff's unjust enrichment claim is preempted by the Copyright Act.

**V**

Defendant Timm Construction[3] lastly contends that Plaintiff's breach of contract/third-party beneficiary claim should be dismissed because the Amended Complaint does not identify the specific contract that forms the basis of the claim.  In its Amended Complaint, Plaintiff alleges that it was a third-party beneficiary of a contract Defendant Timm Construction "entered into . . . for the construction of a sanctuary . . . ."  Am. Compl. ¶ 37.  Plaintiff does not provide a copy of the contract or cite to the contract language exactly, and Timm Constructions asserts that this failure requires dismissal of the claim.

Although both *Iqbal* and *Twombly* demand a certain level of specificity in pleading, neither case fundamentally altered the basic requirements for pleading a claim for relief.  While not explicitly provided for in the Federal Rules of Civil Procedure, parties may plead on the basis of information and belief "where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible . . . ."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations omitted).

Here, Plaintiff is a third-party beneficiary to the contract between Defendant Timm Construction and St. Paul Lutheran Church.  Plaintiff explains that "[p]rior to filing the Complaint, Plaintiff had no opportunity to review the actual contract between the Church and Defendant Timm Construction for the construction of the sanctuary."  Resp. 9.  This is the type of situation where the contract at issue is "peculiarly within the possession and control of"

---

[3] It appears that Count III of Plaintiff's Amended Complaint alleges a breach of contract claim against Defendant Timm Construction, only.  As noted, however, Plaintiff does not allege who the parties to the contract at issue were. At this point, because only Defendant Timm Construction is mentioned in Count III, it will be presumed that the breach of contract claim is against Timm Construction and not against Reittenbach.

Defendant Timm Construction.  In this instance, the federal rules permit Plaintiff to plead on the basis of information and belief that it is a third party beneficiary to the contract.

And although "[i]t is a basic tenet of contract law that a party can only advance a claim of breach of written contracy by identifying and presenting the actual terms of the contract allegedly breached," *Harris v. American Postal Workers Union*, 198 F.3d 245, at *4 (6th Cir. 1999), there is no requirement that a plaintiff actually attach the contract to the complaint.  *See* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 10.05[4] (3d ed. 1999) ("Contract claims will not be dismissed for failure to attach the contract to the complaint."). Moreover, Federal Rule of Civil Procedure 10(c), which allows a party to attach a "written instrument" to a pleading, "is permissive only, and there is no requirement that the pleader attach a copy of the writing on which this claim for relief or defense is based."  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1327 (3d ed. 2005).  Therefore, Plaintiff's breach of contract claim will not be dismissed for failure to state a claim.

## VI

In its response, Plaintiff appears to request permission to amend its Amended Complaint to more fully explain its copyright infringement claim: "As stated herein, Defendant has refused to give written consent to allow Plaintiff to amend the Complaint to alleviate any concerns that Defendant may have regarding the same.  As noted in FRCP 15(a)(2), this Court should freely give leave when justice so requires to amend pleadings."  Resp. 6-7.

This Court's rules prohibit requesting specific relief from the Court as a part of a response to an opponent's motion.  *See* Motion Practice Guidelines for Judge Thomas L. Ludington,         Separate         Motion         and         Brief,         available         at

http://www.mied.uscourts.gov/Judges/guidelines/topic.cfm?topic_id=360 ("Motions may not be included within or appended to a response or a reply."). Accordingly, the portion of Plaintiff's response requesting leave to amend its Amended Complaint will be disregarded.

## VII

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claim for unjust enrichment (Count II) is **DISMISSED** pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim.

It is further **ORDERED** that the hearing set for January 21, 2015 is **CANCELLED**.


                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: December 16, 2014


<div style="border:2px solid; padding:10px;">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 16, 2014.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS

</div>

- 15 -