UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

R.S. SCOTT ASSOCIATES, INC.,

                Plaintiff,                         Case No. 14-cv-13338

v                                                         Honorable Thomas L. Ludington

TIMM CONSTRUCTION COMPANY, LLC, and
REX D. REITTENBACH,

                Defendants.
_____/

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT AND CANCELLING HEARING

On August 27, 2014, Plaintiff R.S. Scott Associates, an architectural and engineering firm, filed suit against Defendants Timm Construction and architect Rex Reittenbach alleging copyright infringement and breach of contract.[1] R.S. Scott contends that Defendants infringed on its copyrighted architectural plans when they facilitated the expansion of St. Paul Lutheran Church in 2012.

On April 7, 2015, Defendants filed a motion for partial summary judgment, contending that R.S. Scott was barred as a matter of law from recovering statutory damages and attorney fees because any infringement occurred before the copyright was registered. As explained below, the motion will be denied because there are outstanding issues of fact and unaddressed issues of law as to whether the infringement (if any) commenced before the copyright was registered.

**I.**

R.S. Scott is an architectural and engineering firm located in Michigan. In June 2009, R.S. Scott submitted a bid packet for the construction of a new sanctuary for St. Paul Lutheran Church ("the Church") in Hubbard Lake, Michigan. As part of its bid packet, R.S. Scott

---

[1] The Court has previously dismissed a claim for unjust enrichment. ECF No. 16

prepared technical drawings and an architectural rendering of the proposed sanctuary. The Church paid $58,061.00 for the plans submitted.

The Church also solicited bids from construction companies, and Defendant Timm Construction, LLC, submitted the lowest bid. Unfortunately for the Church, even Timm Construction's low bid exceeded the budgeting constraints. Therefore, the Church put its expansion plans on hold for two years while it continued to raise funds for construction.

About two years later, on July 27, 2011, the Church contacted Timm Construction and expressed renewed interest in building the sanctuary. At a meeting between their representatives, the Church asked Timm Construction to find ways to lower the building costs based on R.S. Scott's 2009 architectural plans. Over the next 2-3 months, Timm Construction created and presented plans ("the Fall 2011 plans") that would lower the costs of constructing the sanctuary.

R.S. Scott apparently did not approve of the design modifications. Its architect, Ms. Susan Edwards, allegedly told Timm Construction that "You took a good design and made it cheaper, didn't you?" Def.'s Mot. Summ. J. 3. Its president, Mark Straley, allegedly stated that the Fall 2011 plans were "not going to fly." *Id*. Ex. H. When R. S. Scott refused to participate in the construction of the sanctuary using the Fall 2011 Plans, the Church terminated its contract with R.S. Scott on March 8, 2012.

Six days later, on March 14, 2012, R. S. Scott registered its claim of copyright to the 2009 architectural drawings prepared by Ms. Edwards. Defs.' Mot. Summ. J. Ex. J.

Desiring to complete the construction of a sanctuary for the Church, Timm Construction hired Rex D. Reittenbach to prepare new architectural plans. Using Defendant Reittenbach's plans, Timm Construction completed construction of the sanctuary in 2012 ("the April 2012 plans").

On August 27, 2014, R. S. Scott filed suit against Timm Construction and Reittenbach, alleging that both the Fall 2011 plans (prepared by Timm Construction) and the April 2012 plans (prepared by Reittenbach for Timm Construction) infringed on its copyrighted 2009 plans.

**II.**

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

**III.**

Defendants request summary judgment on R.S. Scott's claims for statutory damages and attorney fees, claiming that they cannot be recovered pursuant to 17 U.S.C. § 412(2). That statute provides, in relevant part, that there will be no award for statutory damages or attorney's fees if, "any infringement of copyright commenced after first publication of the work and before the effective date of the registrations, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). This section "is designed to ensure that an infringer of an unpublished work will be subject to the punitive effects of §§ 504(c) and 505 only if the infringer had constructive notice that the work was protected by a valid copyright." *Jones*, 149 F.3d at 505. Thus, a copyright holder cannot recover statutory damages or attorney fees if the "infringement 'commenced' before the copyright was registered." *Id*.

Defendants contend that the infringement—if any—began in fall 2011 when Timm Construction created plans that modified R.S. Scott's original plans. And, Defendants continue, because any infringement began in fall 2011, Reittenbach's April 2012 plans are merely a continuation of the original infringement. Thus, Defendants contend that R.S. Scott cannot recover statutory damages and attorney's fees because the infringement began before R.S. Scott registered its copyright in March 2012.

R.S. Scott acknowledges that Timm Construction's Fall 2011 plans were created before the copyright was registered in March 2012, but contends that Reittenbach separately and independently infringed its copyrighted plans. R. S. Scott further contends that, although it would be barred from recovering statutory damages and attorney fees on the Fall 2011 plans, it could nevertheless recover those damages and fees for Reittenbach's April 2012 plans.

The issue, then, is whether Reittenbach's April 2012 plans were a continuation of the alleged infringement or the beginning of new infringement. In general, "infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998). More specifically, the Sixth Circuit instructs that, in the context of architectural plans, infringement commences on "the making of infringing plans." *Robert R. Jones Assoc., Inc. v. Nino Homes*, 858 F.2d 274, 281 (6th Cir. 1988). In other words, "the infringing act [is] the making of infringing plans, and the construction of the houses according to those infringing copies merely muliplie[s] the damages attributable to the infringing act." *Id*.

For example, in *Johnson*, an infringer traced architectural plans prepared by another and passed those off as his own before the owner registered the copyright. 149 F.3d at 499. After the copyright was registered, the same infringer continued to pass the plans off as his own, *id*. at 506, and the copyright owner alleged that each act should be viewed as an independent act of infringement, thereby entitling to him to statutory damages and attorney fees. The Sixth Circuit

disagreed, however, explaining the infringer's later drawings[2] were a continuation of the original infringement, which occurred prior to the copyright registration. *Id*. at 505.

Likewise, in *Robert R. Jones Associates*, the infringer copied architectural plans and constructed two houses based on those plans before the owner registered the copyright. 858 F.2d at 281. After the registration, the infringer continued to erect five more houses based on the copyrighted plans. The copyright owner contended that each separate house constituted an act of infringement, and therefore he should be entitled to damages and fees associated with the houses build after the registration of the copyright. The Sixth Circuit concluded that the infringement commenced with the copying of the architectural plans, and therefore the copyright owner could not recover statutory damages and attorney fees. *Id*.

As explained above, Defendants created two sets of architectural plans: (1) the fall 2011 plans created by Timm Construction, which modified Plaintiff's 2009 plans in order to reduce the cost of construction; and (2) the April 2012 plans created by Reittenbach that were eventually used to construct the sanctuary. Defendants contend that any infringement began in fall 2011, when Timm Construction modified the plans originally created by R.S. Scott, and therefore the alleged infringement occurred before the copyright registration.[3] Moreover, Defendants continue, Reittenbach's April 2012 plans are part of Timm Construction's alleged infringement in fall 2011, and should be viewed as a continuation of the fall 2011 infringement.

Defendants' argument is premised on the assumption that the two alleged acts of infringement—the fall 2011 plans and the April 2012 plans—are part of the same act of infringement, and therefore the April 2012 plans are merely a continuation of the "original" fall

---

[2] It is unclear from the opinion exactly what the infringing acts were. The opinion simply refers to "the December 22 drawings of the South Addition to the Jones House" as another infringing act, without explaining the context or details of the infringing act. *Johnson*, 149 F.3d at 505.

[3] Defendants do not concede that the fall 2011 plans infringe on R.S. Scott's copyright. From the parties' papers, it appears that Defendant Timm Construction's defense, at least in part, may have been that it had a license to modify R.S. Scott's architectural plans in fall 2012. It is unclear how availing this argument would be given that, although R.S. Scott attached the contract between it and the Church that presumably outlines the permissible uses of R.S. Scott's architectural plans, the key page has been removed. *See* Resp. Ex. 1 (page 11 missing), ECF No. 30.

2011 infringement. But Defendants do not offer any support for this assumption. They do not cite any case law, nor do they present any evidence that would address whether Reittenbach relied on, looked at, was familiar with, or otherwise consulted the fall 2011 plans in preparing the April 2012.[4] Therefore, the Court cannot determine whether Reittenbach's April 2012 plans were created independently, and the Court is not permitted to assume that the April 2012 plans were a continuation of copyright infringement, rather than an independent act.

Indeed, this case appears—at least at this time—to be distinguishable from *Johnson* and *Robert Jones*, both of which addressed continuing infringement. In each of those cases, the infringer copied plans and created one set of infringing plans, which the infringer repeatedly used. In contrast, here there were two sets of plans, each created by a different defendant—the Fall 2011 Plans created by Timm Construction and the April 2012 Plans created by Reittenbach.

Defendants sidestep this issue by highlighting the fact that in a response to interrogatories, "R.S. Scott consistently asserts that *both* the Timm Construction drawings and the Reittenbach drawings share the same (alleged) protectable features of R. S. Scott's copyrighted work." Reply 4. And because the two sets of plans have the same features as the copyrighted work, Defendants continue, the only possible situation is that Timm Construction was the original infringer in 2011, and Reittenbach then used those infringing plans to prepare his April 2012 plans.

But this bare assertion—that both Timm Construction's Fall 2011 Plans and Reittenbach's 2012 Plans have the same features as the copyrighted work—is insufficient to grant summary judgment. Defendants assume that Reittenbach copied off Timm Construction's allegedly infringing 2011 plans. It is equally plausible that Reittenbach independently infringed the copyrighted plans, and that the reason that both Timm Construction's 2011 plans and Reittenbach's plans have the "same (alleged) protectable features of R.S. Scott's copyrighted

---

[4] Indeed, neither party proffers much supporting evidence or any depositions. Instead, the parties rely solely on written discovery and some documents.

work" is that both Defendants developed the infringing plans by observing and copying the R. S. Scott's copyrighted work. For example, the facts of the case may reveal that Reittenbach infringed R.S. Scott's 2009 plans, but did so without relying on the Timm Construction's 2011 plans. This could result in a situation where Timm Construction did not infringe the copyright in fall 2011, but Reittenbach did in April 2012.

To be clear, summary judgment is inappropriate at this time given the lack of evidence and lack of briefing of substantive case law presented to the Court. Defendants request that the Court assume that any infringement occurred in the following manner:

R.S. Scott's 2009 Plans → Timm Construction's 2011 plans → Reittenbach's 2012 plans

That is, that Timm Construction created plans that infringed on R. S. Scott's copyright, and that Reittenbach relied *only* on Timm Construction's infringing plans in creating the 2012 plans. In this scenario, the "continuing infringement" principle could be applicable.

But that is not the only scenario that may apply here. Instead of a linear chain of infringement, it is possible that both of the allegedly infringing works relied on R.S. Scott's plans:

R. S. Scott's 2009 Plans
↙          ↘
Timm Construction's 2011 Plans          Reittenbach's 2012 Plans

In this equally plausible situation, both of the allegedly infringing plans relied on the copyrighted plans, rather than each other. Indeed, in their motion, Defendants explain that Reittenbach was hired "to <u>start over and prepare new</u> and *affordable* plans for the Church." Defs.' Mot. Summ. J. 3 (italics original, underlining added). And Defendants have not presented any caselaw holding that the independent creation of two allegedly infringing plans by two separate defendants can

qualify as continuing infringement.[5]  Therefore, Defendants have not carried their burden on summary judgment, and their motion will be denied.

**IV.**

Accordingly, it is **ORDERED** that Defendants' Motion for Partial Summary Judgment (ECF No. 26) is **DENIED**.

It is further **ORDERED** that the motion hearing set for June 17, 2015 is **CANCELLED**.

                                      s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

Dated: May 20, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 20, 2015.

                              s/Karri Sandusky
                              Karri Sandusky, Acting Case Manager

---

[5] Whether Reittenbach was an employee or an independent contractor may have bearing on this issue.  However, neither party addresses his categorization and its effect, if any, on the issue.